IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Witchard #12216-018, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>B.J. Meeks, Warden, F.C.I. Williamsburg, )<br>)<br>Respondent. )<br>_____) | C/A No. 8:15-1958-GRA-JDA<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Joseph Witchard ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner is a prisoner incarcerated at FCI-Williamsburg, in Salters, South Carolina, and he seeks to vacate his criminal conviction and sentence. Petitioner is proceeding *in forma pauperis.* The Petition is subject to summary dismissal.

## BACKGROUND

Petitioner alleges that this action is pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus "under The Bivens Act, Supra (1971), U.S. Supreme Court Decision About Federal Employees acting Under Color of Federal Authority." [Doc. 1 at 1; Doc. 5 at 1.] Petitioner alleges that in the United States District Court for the Middle District of Florida (Orlando) in case number 6:14-cr-112-Orl-72GJK, he was convicted by a jury of thirty (30) counts of aggravated identity theft, mail and tax fraud. [Doc. 1 at 2.] He alleges on January 26, 2015, the sentencing court imposed a 331-month sentence on him to be followed by three years of supervised release. [*Id.* at 3.] Further, he alleges he filed a direct appeal on February 11, 2015, in the United States Eleventh Circuit Court of Appeals, and it is pending. [*Id.* at 4.]

Petitioner contends that he has not filed a § 2255 motion because it

> is to (sic) inadequate to test the legality of this unlawful convictions and sentence because he (the petitioner) is challenging a Judicial Conspiracy formed under color of federal authority involving a U.S. District Judge and two previously sued assistant federal prosecutors and three federal agents acting pursuant to Retaliation and Vindictiveness towards petitioner for his previous filed and presently pending Civil Right Complaints against them.

[*Id.* at 4–5.]

Petitioner's ground for habeas relief is that "the trial judge used unlawful Jim Crow Law tactics to deny Petitioner due process equal protection of the law and the right to a fair trial by denying any motion or move he may pursue thus tantamounting (sic) into being railroaded extensively. Also . . . violation of the 1866 Ku Klux Klan Act." [*Id.* at 8.] He contends that his home was searched pursuant to a warrant on February 26, 2010, but he was not prosecuted until four years later. [*Id.*] He allegedly had sued the federal agents and federal prosecutors in 2010, 2011, 2013, and 2014, "in connection with unlawful fraud and identity theft charges gained via an executed search warrant. . . ." [*Id.*] Thus, he contends that those parties had a conflict of interest and prejudice toward him during the indictment and trial process. [*Id.*]

Petitioner also alleges that the arrest warrant related to his conviction was invalid and fraudulent. [Doc. 1 at 10–11.] To support his allegations, he attaches a copy of a § 1983 civil action he apparently recently filed in the United States District Court for the Middle District of Florida (Orlando) that appears to name law enforcement officials as defendants. [*See* Doc. 1-1.]

For his relief, Petitioner requests this Court to order that his convictions and sentence be vacated and to release him from custody. [Doc. 1 at 12.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).  As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam).  However, even under this less stringent standard, the Petition in this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This action is a habeas action because the crux of it is that Petitioner seeks to vacate the federal criminal conviction and sentence that he is currently serving.[1]  He

---

[1] Petitioner mentions *Bivens* and alleges that persons acting under color of federal law violated his constitutional rights.  However, this action is not a *Bivens* action.

3

contends that he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and he is currently incarcerated at FCI Williamsburg in Salters, South Carolina. Specifically, Petitioner seeks to vacate his conviction in United States District Court for the Middle District of Florida (Orlando) of thirty (30) counts of aggravated identity theft, mail fraud, and tax fraud and his 331-month sentence of imprisonment.

Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted). Because Petitioner is attacking the validity of his criminal conviction and sentence, this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

4

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).

In this case, Petitioner seems to allege that he cannot file a § 2255 action in the sentencing court because he needs to challenge the judicial conspiracy that exists against him in the Middle District of Florida (Orlando) and includes the sentencing judge. Thus, he contends that § 2255 is inadequate to test the legality of his conviction. However, this Court disagrees and finds that it plainly appears from the petition and attached exhibits that Petitioner is not entitled to relief in this Court. The § 2255 savings clause does not permit Petitioner to bring this § 2241 action because his direct appeal is pending.[2] In other words, this action is premature because a petitioner may not bring a § 2241 action to vacate a conviction and sentence until subsequent to that prisoner's direct appeal and first § 2255 motion. Accordingly, this action should be dismissed without prejudice.

---

[2]Petitioner should be able to raise the grounds for relief asserted in this action in his direct appeal to the United States Eleventh Circuit Court of Appeals.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**

June 10, 2015                                                      s/Jacquelyn D. Austin
Greenville, South Carolina                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).